IN RE VOIGHT

[138 N.C. App. 542 (2000)]

_____

IN THE MATTER OF: DOUGLAS VOIGHT

No. COA99-948

(Filed 20 June 2000)

**Appeal and Error— appealability—county—juvenile proceeding**

A county's appeal from orders requiring it to pay $658.74 for the mental health evaluation of a juvenile under N.C.G.S. § 7A-647 is dismissed because: (1) a county has never had the statutory right to appeal in a juvenile proceeding in this state; and (2) the Court of Appeals does not have the power to issue a remedial writ under the North Carolina Constitution.

Appeal by petitioner from an order entered 7 May 1999 by Judge Lawrence C. McSwain in Guilford County District Court. Heard in the Court of Appeals 6 June 2000.

*Guilford County Attorney's Office, by Deputy County Attorney J. Edwin Pons, for petitioner-appellant.*

*D'Amelio, McKinney & Ernest, LLP, by Jeremy L. McKinney for respondent-appellee.*

HUNTER, Judge.

Guilford County ("County") appeals orders wherein the trial court ordered that it pay $658.74 for the mental health evaluation of the juvenile Douglas Voight ("Voight") under N.C. Gen. Stat. § 7A-647 (Supp. 1998). Voight contends that the County does not have standing to appeal. We agree, and dismiss the present appeal.

Briefly, the record reveals that Voight was adjudicated to be a delinquent juvenile on 10 December 1998. On 7 May 1999, the trial court ordered the County to pay the costs of Voight's mental health evaluation pursuant to N.C. Gen. Stat. § 7A-647 (repealed effective 1 July 1999 and recodified in the present Juvenile Code, N.C. Gen. Stat. § 7B-100, *et seq.*). This statute provided, in pertinent part:

(3) . . . [T]he judge may order that the juvenile be examined by a physician, psychiatrist, psychologist, or other qualified expert as may be needed for the judge to determine the needs of the juvenile.

    a. Upon completion of the examination, the judge shall conduct a hearing to determine whether the juvenile is in need of medical, surgical, psychiatric, psychological, or other treatment and who should pay the cost of the treatment. *The county manager, or such person who shall be designated by the chairman of county commissioners, of the juvenile's residence shall be notified of the hearing, and allowed to be heard.* If the judge finds the juvenile to be in need of medical, surgical, psychiatric, psychological or other treatment, the judge shall permit the parent or other responsible persons to arrange for treatment. . . . If the judge finds the parent is unable to pay the cost of treatment, the judge shall order the county to arrange for treatment of the juvenile and to pay for the cost of the treatment. The county department of social services shall recommend the facility that will provide the juvenile with treatment.

N.C. Gen. Stat. § 7A-647(3)(a) (Supp. 1998) (emphasis added). Prior to an amendment by the General Assembly in 1996, which added the portion we have emphasized, this statute did not give counties notice or the right to participate in the hearing which could result in their being required to pay for a juvenile's treatment. *See* Case notes, N.C. Gen. Stat. § 7A-647 (Supp. 1998). While the County in the present case did participate in the hearing in the trial court, our Supreme Court, citing N.C. Gen. Stat. § 7A-667, has held: "Even if the county had been a party [in a juvenile case], it would not have had the *right* to appeal . . ." under N.C. Gen. Stat. § 7A-667. *In re Brownlee*, 301 N.C. 532, 547, 272 S.E.2d 861, 870 (1981) (emphasis in original). N.C. Gen. Stat. § 7A-667 (repealed effective 1 July 1999 and recodified in the present Juvenile Code, N.C. Gen. Stat. § 7B-100, *et seq.*) entitled

"Proper parties for appeal," as quoted in *Brownlee*, provided that in juvenile cases:

An appeal may be taken by the juvenile; the juvenile's parent, guardian, or custodian; the State or county agency. The State's appeal is limited to the following:

(1) Any final order in cases other than delinquency or undisciplined cases;

(2) The following orders in delinquency or undisciplined cases:

a. An order finding a State statute to be unconstitutional;

b. Any order which terminates the prosecution of a petition by upholding the defense of double jeopardy, by holding that a cause of action is not stated under a statute, or by granting a motion to suppress.

N.C. Gen. Stat. § 7A-667 (1995 and Supp. 1998). As to this statute, our Supreme Court has stated: "It is manifest that [N.C. Gen. Stat. § 7A-667] . . . does not empower a county to take an appeal in a juvenile proceeding." *Brownlee*, 301 N.C. at 547, 272 S.E.2d at 870. The following year, the Supreme Court affirmed this holding, stating: "the Court of Appeals properly held that [a county] had no right to appeal from the order . . . [in the juvenile proceeding]. We reaffirm our decision in *Brownlee* with respect to a county's right to appeal from orders entered in a juvenile proceeding." *In re Wharton*, 305 N.C. 565, 569, 290 S.E.2d 688, 690 (1982). While the General Assembly chose to amend N.C. Gen. Stat. § 7A-647 in 1996 to give a county notice and the opportunity to be heard at certain juvenile hearings, it did not amend N.C. Gen. Stat. § 7A-667 giving a county the right to appeal in a juvenile proceeding. Under recodification in our new Juvenile Code, the General Assembly specifically deleted "county agency" from this rule, providing:

An appeal may be taken by the juvenile, the juvenile's parent, guardian, or custodian, or the State. The State's appeal is limited to the following orders in delinquency or undisciplined cases:

(1) An order finding a State statute to be unconstitutional; and

(2) Any order which terminates the prosecution of a petition by upholding the defense of double jeopardy, by holding

that a cause of action is not stated under a statute, or by granting a motion to suppress.

N.C. Gen. Stat. § 7B-2604 (1999). Thus, a county has never had the statutory right to appeal in a juvenile proceeding in this state.

In *Brownlee* and *Wharton*, despite holding that a county had no right to appeal a juvenile delinquency action, the Supreme Court exercised its power under the N.C. Constitution, Article IV, Section 12(1) to issue a remedial writ. This section of our constitution states:

(1) *Supreme Court*. The Supreme Court shall have jurisdiction to review upon appeal any decision of the courts below, upon any matter of law or legal inference. The jurisdiction of the Supreme Court over "issues of fact" and "questions of fact" shall be the same exercised by it prior to the adoption of this Article, and the Court *may issue any remedial writs necessary to give it general supervision and control over the proceedings of the other courts*. The Supreme Court also has jurisdiction to review, when authorized by law, direct appeals from a final order or decision of the North Carolina Utilities Commission.

(2) *Court of Appeals*. The Court of Appeals shall have such appellate jurisdiction as the General Assembly may prescribe.

N.C. Const. art. IV, § 12(1), (2) (emphasis added). Thus, this Court does not have the power to issue a remedial writ under our Constitution, although we do have the power to issue certain prerogative writs under N.C. Gen. Stat. § 7A-32 (1999).

We recognize that this Court considered an appeal by a county in a juvenile case in *In Re D.R.D.*, 127 N.C. App. 296, 488 S.E.2d 842 (1997); however, the issue of whether or not the county had the right to appeal was not raised in that case, as it has been in the case *sub judice*, and the court made no holding on that issue. Thus, though the Court considered the appeal in *In Re D.R.D.*, that case gives us no authority to consider the present appeal, and neither do our General Statutes.

We recognize that it is highly unusual that the county must be given notice and the opportunity to be heard at a juvenile hearing, but is not allowed, under our General Statutes, the right to appeal the trial court's order that it pay for the juvenile's treatment as a result of the hearing. However, until our General Assembly decides otherwise, we must abide by our Supreme Court's holdings in *Brownlee* and

*Wharton*, and based on the precedent set by them, the County has no right of appeal. Accordingly, we are required to dismiss the present appeal.

Dismissed.

Judges GREENE and HORTON concur.