IN RE BRAITHWAITE

[150 N.C. App. 434 (2002)]

─────────

IN THE MATTER OF: ANTHONY BRAITHWAITE

No. COA01-832

(Filed 21 May 2002)

**Juveniles— county's right to appeal in juvenile proceedings— writ of certiorari**

The county's appeal from a juvenile order filed 16 March 2001 and an amended juvenile order dated 26 March 2001 ordering it to pay the costs of a juvenile delinquent's residential treatment for mental illness and substance abuse is dismissed, because: (1) the

county does not have a right to appeal in a juvenile proceeding in North Carolina; and (2) the Court of Appeals is without authority to issue remedial writs or grant a writ of certiorari under the circumstances of this case when the county has not failed to take timely action, the county is not attempting to appeal from an interlocutory order, and the county is not seeking review under N.C.G.S. § 15A-1422(c)(3).

Appeal by respondent-appellant from order filed 16 March 2001 and from amended order dated 26 March 2001 by Judge Marcia H. Morey in Durham County District Court. Heard in the Court of Appeals 16 April 2002.

*Attorney General Roy Cooper, by Special Deputy Attorney General Mabel Y. Bullock, for the State.*

*County Attorney S.C. Kitchen, by Deputy Durham County Attorney Lowell L. Siler and Assistant Durham County Attorneys Curtis O. Massey, II, and Lucy Chavis, for respondent-appellant, Durham County.*

*Phillip W. Evans, for respondent-appellee, juvenile.*

GREENE, Judge.

Durham County (the County) appeals a juvenile order filed 16 March 2001 and an amended juvenile order dated 26 March 2001 ordering it to pay the costs of Anthony Braithwaite's (Braithwaite) residential treatment.

Braithwaite was first adjudicated delinquent on 28 March 2000 for felony breaking and entering and felony larceny and again on 9 February 2001 for assault. Subsequently, on 16 March 2001, the trial court determined Braithwaite was in need of residential treatment for a mental illness and substance abuse. After finding Braithwaite's mother unable to afford the cost of her son's treatment, the trial court ordered the County to "pay the costs of [Braithwaite's] residential treatment and that the . . . mother . . . contribute $100 monthly to the [C]ounty for her son's treatment."

On 2 April 2001, the County filed its notice of appeal and on 29 June 2001, filed a petition for writ of certiorari.

---

The dispositive issue is whether this Court has the right to grant a writ of certiorari and review the trial court's orders in this case.

IN RE BRAITHWAITE

[150 N.C. App. 434 (2002)]

A trial court may order a county "to arrange for evaluation or treatment of [a] juvenile and to pay for the cost of the evaluation or treatment." N.C.G.S. § 7B-2502(b) (1999). While a county must be given notice and an opportunity to be heard before an order to pay costs can be issued, *id.*, a county does not have a "statutory right to appeal in a juvenile proceeding in this state," *In re Voight,* 138 N.C. App. 542, 545, 530 S.E.2d 76, 78, *disc. review denied, cert. denied, and remedial writ denied,* 352 N.C. 674, 545 S.E.2d 728 (2000); *In re Wharton,* 305 N.C. 565, 569, 290 S.E.2d 688, 690 (1982); *In re Brownlee,* 301 N.C. 532, 547, 272 S.E.2d 861, 870 (1981). Although *Brownlee* and *Wharton* held that a county does not have a right to appeal in a juvenile delinquency action, our Supreme Court exercised its power under the N.C. Constitution, Article IV, Section 12(1) and issued a remedial writ to hear the appeals. *Voight,* 138 N.C. App. at 545, 530 S.E.2d at 78. This Court, however, "does not have the power to issue a remedial writ under our Constitution" but does "have the power to issue certain prerogative writs under N.C. Gen. Stat. § 7A-32 (1999)." *Id.* One of these prerogative writs is certiorari. N.C.G.S. § 7A-32(c) (1999). This Court has authority to issue a writ of certiorari only

in appropriate circumstances . . . to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action, or when no right of appeal from an interlocutory order exists, or for review pursuant to G.S. 15A-1422(c)(3) of an order of the trial court denying a motion for appropriate relief.

N.C.R. App. P. 21(a)(1).

In this case, the County has not failed to take timely action, is not attempting to appeal from an interlocutory order, and is not seeking review pursuant to N.C. Gen. Stat. § 15A-1422(c)(3). Thus, this Court does not have the authority to issue a writ of certiorari pursuant to Rule 21(a)(1). Accordingly, because the County does not have a right to appeal and this Court is without authority to issue remedial writs or grant a writ of certiorari under the circumstances of this case, the County's appeal is dismissed.

Dismissed.

Judges TIMMONS-GOODSON and HUNTER concur.